IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHERRYLN SHUEY,**
**and on behalf of C.S., a Minor Child[1],**

    **Plaintiffs**,

v.                                          No. 13cv0097 MCA/ACT

**FRANK SURLS, ATTORNEY AT LAW (Deceased),**
**c/o and GAIL FOSTER, Estate Executor,**
**JOHN DOE AND JANE DOE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE

**THIS MATTER** comes before the Court on pro-se Plaintiff Sherryln Shuey's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed January 29, 2013 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues

---

[1] Shuey is not a licensed attorney. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *cf. Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Therefore, Shuey may not attempt to represent her minor child in this suit.

raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

### I. Shuey has not established indigency.

IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Shuey, who is 50 years old and has one dependent, receives $1496/month in disability benefits. *See* Doc. 2 at 2. She pays $700 for her mortgage, and $390/month for utilities, but she states that she receives public assistance for her phone and utility bills. *See id.* at 4. Medicaid and medicare provide for her family's medical needs, and the State provides for their food. *See id.* at 3. She has failed to inform the Court how much money is in her checking and savings accounts. *See id.* at 2. She owns two non-working vehicles, but states that she pays almost $500/month to lease or rent cars for transportation, even though she is not employed and does not need transportation for a job. *See id.* at 3-4. On these facts, Shuey has failed to show that she cannot, because of poverty, provide herself and her dependent with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. Her application to proceed IFP will, therefore, be denied and her Complaint should be dismissed on that ground alone. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

### II. Shuey fails to invoke the Court's subject-matter jurisdiction.

But even if she were indigent, Shuey has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over her claims. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to

establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

Shuey is bringing state-law breach-of-contract and attorney-malpractice actions against the estate of a deceased attorney who formerly represented her in divorce proceedings in the New Mexico state court beginning in 2007. *See* Compl. at 1-7. All of her factual allegations center around his alleged failures to properly represent her and for allegedly unethical conduct. *See id.*

Shuey alleges no facts to establish diversity jurisdiction, and there is no federal question on the face of her complaint. Although Shuey alludes to the fact that, because of the attorney's malpractice, the state court presiding over her divorce proceedings entered an unlawful order requiring her to assign her Social Security Disability payments for her minor children to her husband's representative, she points to no social-security statutes that grant to her a private right of action against the attorney for malpractice or for even an intentional tort in this regard. Her causes

of action simply do not arise under federal law.

The Court concludes that Shuey's Complaint fails to invoke the Court's subject-matter jurisdiction and must be dismissed., and that her motion to proceed IFP must also be denied.

**IT IS ORDERED THAT** Shuey's motion to proceed IFP [Doc. 2] is DENIED and that her Complaint is dismissed without prejudice.

**DATED** this 13th day of February, 2013 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**